UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>JAMES MATTHEW HORNING, )<br>)<br>Defendant. )<br>) | Crim. Action No. 21-0275 (ABJ) |

## ORDER

On October 6, 2022, defendant James Matthew Horning pled guilty to one count of the misdemeanor offense of entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1). *See* Plea Agreement [Dkt. # 36] at 1. On February 15, 2023, this Court sentenced him to thirty days of incarceration, followed by twelve months of supervised release. *See* Judgment (Feb. 21, 2023) [Dkt. # 50] at 2–3. Defendant completed his term of incarceration and commenced his term of supervised release on June 23, 2023. *See* Def.'s Mot. for Early Termination of Supervised Release [Dkt. # 55] ("Mot.") at 2.

Pending before the Court is defendant's Motion for Early Termination of Supervised Release, *see* Mot., which the government opposes. *See* Gov't's Opp. to Mot. ("Opp.") [Dkt. # 56]. Defendant argues that early termination of his supervised release is warranted pursuant to 18 U.S.C. § 3583(e)(1) because of his compliance with his conditions of release and because early termination is in the interests of justice. Mot. at 2–3. However, as the government points out in its opposition, there is no statutory basis for the Court to terminate defendant's supervised release at this time. Opp. at 2. Section 3583(e)(1) provides, in relevant part, that the Court may "terminate a term of supervised release and discharge the defendant released at any time *after the expiration*

*of one year of supervised release . . . .*" 18 U.S.C. § 3583(e)(1) (emphasis added); *see also United States v. Johnson*, 529 U.S. 53, 60 (2000) (explaining that "having completed one year of supervised release, [the defendant] may also seek relief under § 3583(e)(1)").

Defendant has only served approximately ten months of supervised release. The Court therefore lacks statutory authority to terminate his supervised release before he has completed one year of supervised release. Given that defendant's term of supervised release will end after one year, no further motions will be required if he continues to comply with the conditions of his release.

For these reasons, it is hereby

**ORDERED** that defendant's Motion for Early Termination of Supervised Release [Dkt. # 55] is **DENIED.**

**SO ORDERED.**

*Amy B Jackson*
AMY BERMAN JACKSON
United States District Judge

DATE: April 17, 2024